UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABRAHAM HUGHES,

          Plaintiff,

Case No. 2:21-cv-11443

HONORABLE STEPHEN J. MURPHY, III

v.

CITY OF WAYNE, et al.,

          Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART THE MOTION TO DISMISS [8]**

Plaintiff Abraham Hughes sued the City of Wayne, the Wayne City Council, and three City employees for due process violations pursuant to 42 U.S.C. § 1983 and for various state law violations as well. ECF 1. After Plaintiff served all Defendants, ECF 5, the Defendants jointly moved to dismiss, ECF 8. Plaintiff timely responded, ECF 9, and Defendants timely replied, ECF 10. The Court has reviewed the briefs and will not hold a hearing. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons to follow, the Court will grant in part and deny in part the motion to dismiss.

**BACKGROUND[1]**

Plaintiff Abraham Hughes is a Sergeant with the City of Wayne Police Department. ECF 1, PgID 2. In 2018, Plaintiff learned that the Police Chief was retiring and that his position would require replacement. *Id.* at 2–3. Section 6.8(a)–

---

[1] Because the Court must view all facts in the light most favorable to the nonmoving party, *see Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008), the Court's recitation does not constitute a finding or proof of any fact.

1

(b) of the City of Wayne Charter provides that the City's administrative officers, including the Police Chief, "shall be appointed by the City Manager for indefinite terms of office, subject to confirmation by the Council. Such officers shall be responsible to the City Manager and shall serve at his pleasure." ECF 8-5, PgID 105. The Charter also allows the Manager, with the Council's confirmation, to remove administrative officers. *Id.*

Plaintiff later met with Defendants Lisa Nocerini (City Manager), John Rhaesa (Mayor), and Alyse Leslie (Personnel Director) to express his desire for the City to promote a current Wayne police officer to the position of Police Chief. *Id.* at 2–3. The position was then "posted" internally, and the qualification process was to include a verbal interview and a test. *Id.* at 3. Plaintiff and the Acting Police Chief applied for the position. *Id.* at 3–4. In the end, the Acting Police Chief received the job. *Id.* at 5.

## LEGAL STANDARD

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the nonmoving party, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430.

2

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Finally, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Com. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 372, 335–36. And "a court ruling on a motion to dismiss 'may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.'" *Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) (emphasis omitted) (quoting *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)).

## DISCUSSION

In their motion to dismiss, the city employees asserted a qualified immunity defense and argued that the complaint failed to state a constitutional violation. ECF 8, PgID 59–65. The Court will first address claims against the individual employees. After, the Court will address a *Monell* claim Plaintiff lodged against the City and the City Council.

I.  Section 1983 Claims Against Individual Defendants

Section 1983 "prohibit[s] state employees from violating a person's constitutional rights" including those guaranteed by the Due Process Clause of the Fourteenth Amendment. *Green v. City of Southfield*, 925 F.3d 281, 284 (6th Cir.

3

2019). "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the . . . Fourteenth Amendment." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "To establish a procedural due process violation, Plaintiff[] must show (1) that [he has] been deprived of a cognizable liberty [or property] interest, and (2) that such deprivation occurred without adequate procedural protections." *Schulkers v. Kammer*, 955 F.3d 520 (6th Cir. 2020) (citations omitted).

To start, Plaintiff sought only monetary damages against the individual Defendants even though he sued them in their official and individual capacities under § 1983. *See* ECF 1, PgID 1, 17. But "sovereign immunity bars a § 1983 suit for monetary damages against an official in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). Thus, Plaintiff could only sue the individual Defendants for damages in their individual capacities and any other allegations must be dismissed.

Plaintiff also sued the individual Defendants under § 1983 on a theory of failure to train or supervise. ECF 1, PgID 11–12. To establish individual liability for failing to train or supervise, Plaintiff must show that each Defendant "actively engaged in unconstitutional behavior." *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). And Defendants raised qualified immunity defenses against the claim.

Qualified immunity "'shield[s]' public officials from money-damages liability if 'their conduct does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known.'" *Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440 (6th Cir. 2016) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "To survive the motion to dismiss on qualified-immunity grounds, [P]laintiff must allege facts that plausibly mak[e] out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016) (quotation omitted). "[P]laintiff also must allege with particularity facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Id.* (quotation omitted) (emphasis in original). And "[P]laintiff bears the burden of showing that an officer is not entitled to the defense of qualified immunity." *Id.* (citation omitted).

Plaintiff alleged that his Fourteenth Amendment due process rights were violated because he was "deprived of the position he rightfully earned and the benefits associated with that position." ECF 1, PgID 12. To survive the motion to dismiss then, Plaintiff must show that he had a constitutional right to the promotion in the first place. *See Bailey v. Floyd Cnty. Bd. of Educ.*, 106 F.3d 135, 141 (6th Cir. 1997) ("Absent a property interest in [Plaintiff's] position, however, [Plaintiff is] not entitled to any pre-deprivation process whatsoever.") (citation omitted).

"Government employment amounts to a protected property interest when the employee is 'entitled' to continued employment." *Id.* (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). And "to have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have

5

more than a unilateral expectation of it." *Roth*, 408 U.S. at 577. Rather, he must "have a legitimate claim of entitlement to it." *Id.* Finally, property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Id.*

Plaintiff inadequately pleaded that he had a valid property interest in the Police Chief position. For one, section 6.8(b) of the Wayne City Charter[2] provides that "[a]ll administrative officers of the City . . . shall be appointed by the City Manager for indefinite terms of office, subject to the confirmation by the Council[,]" and "[s]uch officers shall be responsible to the City Manager and shall serve at his pleasure."[3] ECF 8-5, PgID 105. And the Manager may remove the Chief Police so long as the Council agrees. *Id.* Thus, both the police chief appointment and removal are discretionary acts, rather than contractual promises.

Moreover, Plaintiff did not allege that he had a legitimate entitlement claim to the job. Instead, he alleged that he was "deprived of the position he *rightfully earned*." ECF 1, PgID 12 (emphasis added). But the conclusory allegation does not contemplate, let alone address, the discretionary nature of the Chief position. The language of the Charter demonstrates that the position was not Plaintiff's to earn, but the City Manager's to appoint. *See* ECF 8-5, PgID 105; *Golden v. Town of Collierville*, 167 F. App'x 474, 478 (6th Cir. 2006) (A plaintiff "can have no legitimate

---

[2] Because the Charter is a public document, the Court may refer to it in a motion to dismiss. *See Bailey*, 860 F.3d at 386.
[3] The Charter defines "Police Chief" as an "administrative officer" in section 6.8(a). ECF 8-5, PgID 105.

claim of entitlement to a discretionary decision.") (quotation omitted). And other than the Council's confirmation, Plaintiff did not allege that the City Manager's discretion was in any way limited. *See Golden*, 167 F. App'x at 478 ("In order to assert a property interest in receiving a promotion, [Plaintiff] 'must point to some policy, law, or mutually explicit understanding that both confers the benefit *and* limits the discretion of the [City] to rescind the benefit.'") (quotation omitted) (emphasis in original); *see generally* ECF 1, PgID 11–12. Accordingly, there is nothing in the complaint that supports an opportunity to prove Plaintiff's loss of entitlement to the job.

Last, Plaintiff argued that Rhaesa's, Nocerini's, and Leslie's "use of favoritism or self-serving criteria to hire and promote within City government" deprived him of the property interest in the job. ECF 9, PgID 171. But the argument relies on the promotion being a constitutionally protected property interest. And as the Court already explained, a position that is to be filled by discretionary means does not create any individual entitlement to it. The use of favoritism or self-serving criteria to promote another officer to Police Chief over Plaintiff is therefore irrelevant to Plaintiff's property interest in the promotion and any due process protection.

Put simply, Plaintiff cannot show that he had a constitutionally protected property interest in the promotion to Police Chief. Thus, the individual Defendants are entitled to qualified immunity because there was no constitutional violation.

II.     *Monell* Liability for the City of Wayne and the City Council

In brief, "[t]here can be no liability under *Monell* without an underlying constitutional violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (citation omitted).[4] Because the Court found there was no underlying constitutional violation, the Court must dismiss the *Monell* claim against the City.

Moreover, Plaintiff did not sue any individual City Council members, but only the "Wayne City Council, a subdivision of City of Wayne." ECF 1, PgID 1. Because the Council is a "policymaking body within the [City]," and its decision to confirm the Police Chief appointment was "not reviewed by any superior officials," the failure to supervise or train claim under § 1983 against the Council falls under the analysis of *Monell* municipal liability. *Paeth v. Worth Twp.*, 483 F. App'x 956, 964 (6th Cir. 2012) (citing *Monell*, 436 U.S. at 690). On that basis, and because the Court found there was no underlying constitutional violation, the Court must dismiss the claim against the City Council.

III.    State Law Claims

The Court has to date exercised supplemental jurisdiction over the three state law claims. ECF 1, PgID 12–17. A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c). Generally, district courts should decline to exercise supplemental jurisdiction over state law claims when all

---

[4] A failure to supervise or train claim under § 1983 against a municipality, ECF 1, PgID 11–12, falls under the analysis of *Monell* liability. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989).

federal law claims have been dismissed from the case before trial. *See Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008) ("[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims.").

The Court will decline to exercise supplemental jurisdiction over the remaining state law claims. For one, the Court lacks original jurisdiction over the claims. And two, the interests of judicial economy do not override the presumption against retaining the case because the Court has not yet issued a scheduling order and the parties have not begun discovery. *See Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). For those two reasons, the Court will dismiss the state law claims without prejudice. Because the Court is declining to resolve the state law claims on the merits, the Court will deny the motion to dismiss the state law claims.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [8] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the § 1983 claims against all Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the *Monell* claim against the City of Wayne is **DISMISSED WITH PREJUDICE**.

9

**IT IS FURTHER ORDERED** that the state law claims against Defendants Nocerini, Leslie, and the City of Wayne are **DISMISSED WITHOUT PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

                                           s/ Stephen J. Murphy, III
                                           STEPHEN J. MURPHY, III
                                           United States District Judge

Dated: February 11, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 11, 2022, by electronic and/or ordinary mail.

                                           s/ David P. Parker
                                           Case Manager